CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/15/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

**AMIRAH K. JONES,**

    **Plaintiff,**

v.                          Civil Action No: **6:23CV00053**

**EXPERIAN INFORMATION
SOLUTIONS, INC.,**

    **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Experian Information Solutions, Inc. ("Experian") hereby removes the above-captioned action ("Action") from the Lynchburg General District Court, Small Claims Division ("State Court") to the United States District Court for the Western District of Virginia.

Removal is proper under 28 U.S.C. § 1441(a). Experian appears for the purpose of removal only and for no other purpose. Experian reserves all rights and defenses. As grounds for removal, Experian states as follows:

## SUMMARY

1.    This Court has original jurisdiction over this civil action because Plaintiff Amirah Jones ("Plaintiff") asserts a cause of action arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). This Court has original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331.

2.    Experian reserves its rights to supplement or amend this Notice of Removal in the event that additional grounds for removal become apparent.

## PARTIES

3.     Upon information and belief, Plaintiff was a resident of Virginia when any events giving rise to her alleged claim occurred and is currently a resident of Virginia. *See* ECF No. 1, Ex. A at 1.

4.     Experian is an Ohio corporation, with its North American headquarters and principal place of business in Costa Mesa, California. *James v. Experian Info. Sols., Inc.*, No. 3:12CV902, 2014 WL 29041, at *2 (E.D. Va. Jan. 2, 2014) ("Experian is an Ohio corporation with its headquarters and principal place of business in Costa Mesa, California.").

## PROCEDURAL HISTORY AND BACKGROUND

5.     On or about June 23, 2023, Plaintiff initiated this action in the Lynchburg General District Court, Small Claims Division by filing a Warrant in Debt styled as *Amirah K. Jones v. Experian,* Case No. GV23002882-00.

6.     On or about August 21, 2023 and following a failed attempt at initiating service,[1] Plaintiff filed a revised Warrant in Debt reissued in the Lynchburg General District Court, Small

---

[1] Upon information and belief, Plaintiff initially attempted to serve "Experian" at an address in Texas designated to receive consumer mail with the original warrant in debt through the Secretary of the Commonwealth pursuant to Va. Code Section 8.01-329. *See* Ex. A. at 2-6. Pursuant to Va. Code Section 8.01-329(D), "[s]ervice of process in actions brought on a warrant or motion for judgment pursuant to § 16.1-79 or 16.1-81 **shall be void and of no effect** when such service of process is received by the Secretary within ten days of any return day set by the warrant." (Emphasis added.)

According to the certificate of compliance, Ex. A at 3, this initial attempted service of process was received by the Secretary of the Commonwealth on July 31, 2023, and the warrant on which process was brought set a return date for July 31, 2023 at 9:00 a.m. Accordingly, this attempt at service was "void and of no effect." This attempt was similarly deficient under Va. Code Section 8.01-301 (governing service on foreign corporations), Va. Code Section 8.01-288 (permitting sufficiency of service "which has reached the person to whom it is directed within the time prescribed by law"), and for failure to name the proper corporate entity (erroneously naming Defendant as "Experian" instead of "Experian Information Solutions, Inc.").

Claims Division (the "State Action") styled as *Amirah K. Jones v. Experian Information Solutions, Inc.*, Case No. GV23002882-00.

7. Experian received a copy of the Warrant in Debt dated August 21, 2023 ("Warrant in Debt") by personal service on its Registered Agent, David N. Anthony, on August 28, 2023. A copy of the Warrant in Debt is attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), Experian will provide written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Lynchburg General District Court, Small Claims Division. A copy of the Notice of Filing Notice of Removal (without exhibits) is attached hereto as **Exhibit B**.

7. Exhibit A constitutes all of the process, pleadings, and orders served upon Experian in this case. *See* 28 U.S.C. § 1446(a). Experian has not answered, moved, or otherwise responded to the Warrant in Debt.

8. Experian filed this Notice of Removal within thirty (30) days of the date it received a copy of the Warrant in Debt. Therefore, this Notice of Removal is filed within the time prescribed by 28 U.S.C. § 1446(b)(1). Other than a return date scheduled for September 18, 2023 at 9:00 a.m., no motions or other proceedings in this Action are pending in State Court.

## JURISDICTIONAL GROUNDS FOR REMOVAL

9. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see also King v. Marriott Int'l Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) (citing 28 U.S.C. § 1441(a)).

10. Here, the Court has original jurisdiction under 28 U.S.C. § 1331 based on federal question jurisdiction.

11. Plaintiff's claim arises under federal law. Specifically, Plaintiff alleges that Experian "violated the FCRA" and is seeking the "removal of derogatory debt + disputed info." ECF No. 1, Ex. A at 1.

12. Federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . " U.S. Const., Art III, Sec 2. This clause has been interpreted broadly and courts have found that this clause allows federal courts to hear any case in which there is a federal ingredient. *Osborn v. Bank of the United States*, 22 U.S. 738 (1824). Additionally, 28 U.S.C. § 1331 gives federal courts jurisdiction only to hear those cases which arise under federal law. A "suit arises under the law that creates the cause of action." *American Well Works v. Layne*, 241 U.S. 257 (1916); *see also Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) ("The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint").

13. Here, because Plaintiff's cause of action in the Warrant in Debt is based on federal law – the FCRA – there is federal question jurisdiction.

14. If any questions arise as to the proprietary of the removal of this action, Experian requests the opportunity to present a brief and argument in support of its position that this case is removable.

15. Venue is proper in this Court for removal purposes because this Court is "the district court of the United States for the district and division in which within which [this] action is pending." 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 127(b).

## OTHER PROCEDURAL REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(d), Experian will promptly file a Notice of Filing of Notice of Removal with the Clerk of the State Court. Experian will also serve Plaintiff with a copy of the Notice of Filing and the Notice of Removal. Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, Experian will file with this Court a Certificate of Service of the Notice of Filing and the Notice of Removal.

17. Experian is the only defendant in this action.

18. By filing this Notice of Removal, Experian does not waive and expressly reserves any defenses that may be available to it (including without limitation defenses relating to jurisdiction) and does not concede that the allegations in the Warrant in Debt state a valid claim under any applicable law.

19. Experian reserves the right to supplement or amend the foregoing Notice of Removal to add other bases for federal jurisdiction that become apparent as a result of any amended complaint filed by Plaintiff in this Action.

WHEREFORE, Experian hereby removes this Action from the Lynchburg General District Court, Small Claims Division to this Court.

Dated: September 15, 2023             **EXPERIAN INFORMATION SOLUTIONS, INC.**

By: */s/David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September 2023, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, and sent a true and correct copy of the foregoing via Federal Express to:

Amirah K. Jones
716 Federal Street, Apt. 48
Lynchburg, VA 24504
*Pro se Plaintiff*

/s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutman.com

163003315